BETTIE LAND, Plaintiff-Appellant, v. MICHAEL REESE HOSPITAL AND MEDICAL CENTER *et al.*, Defendants-Appellees.

First District (4th Division)   No. 85—1378

Opinion filed March 12, 1987.

Alan L. Fulkerson, of Chicago (Uve R. Jerzy, of counsel), for appellant.

Vedder, Price, Kaufman & Kammholz, of Chicago (Robert C. Claus and Bruce R. Alper, of counsel), for appellees.

JUSTICE LINN delivered the opinion of the court:

Plaintiff, Bettie Land, brings this appeal seeking reversal of a trial court's order dismissing her two-count amended complaint. In her complaint, Land alleges that defendant Michael Reese Hospital and Medical Center (Reese) wrongfully discharged her from her position as executive administrator for Reese's department of surgery. Count I alleges that Land's employment was terminated in violation of the terms of an employment manual adopted by Reese, and count II alleges that Reese failed to honor an agreement that it had made with Land following a grievance procedure hearing. Under both counts, Land seeks to be reinstated to her position with full back pay and benefits.

Pursuant to Reese's motion, the trial court dismissed both counts of Land's complaint. The trial court found that Land was an at-will employee whose employment could be terminated at any time and for any reason.

On appeal, Land claims that the trial court erred in: (1) failing to find that Reese was bound by the terms of a personnel policy manual which Reese adopted subsequent to the beginning of Land's employ-

ment; and (2) failing to find that Reese was obligated to comply with a decision by Dean L. Kimmerly, vice-president of Reese's human resource department, which was rendered pursuant to the employment manual's grievance procedure and wherein Kimmerly ordered Reese to reinstate Land with full back pay.

We reverse and remand.

BACKGROUND

This appeal comes before us following the trial court's ruling that Land's complaint fails to state a cause of action under Illinois law. Accordingly, we must accept as true all of the well-pleaded allegations in Land's complaint and must draw all reasonable inferences in her favor. *Cook v. Askew* (1975), 34 Ill. App. 3d 1055, 341 N.E.2d 13.

Land's complaint reveals that she first became employed with Reese on July 1, 1977. Some time after the beginning of Land's employment, Reese adopted an "Employee Policy and Procedures Manual" (the employee manual). The employee manual contains a complaint and appeal procedure whereby an employee with a grievance can challenge the alleged wrong by participating in a three-step grievance procedure. The grievance procedure begins with the employee's filing a complaint and specifying therein the nature of the wrong alleged to have been committed. If, after the complaint has been filed, the parties are unable to resolve their grievance, a hearing is held before Dean L. Kimmerly, the vice-president of human resources at Reese. In such a hearing, Kimmerly reviews evidence and listens to testimony. After the hearing is held, Kimmerly is required to issue an opinion as to the merits of the dispute.

On February 3, 1984, Land was dismissed from her position at Reese. Land immediately filed a complaint pursuant to the employee manual's grievance procedure. In her complaint, Land contended that she was discharged in violation of due process and in violation of the employee manual's procedures. She further alleged that she was dismissed because of racial and sexual discrimination. As a remedy, Land sought reinstatement with full back pay and benefits.

The dispute remained unresolved, and, on February 27, 1984, Kimmerly held a hearing as part of the third step of the grievance procedure. At the hearing, both Land and Reese presented their respective positions. Following the hearing, Kimmerly issued a three-page written opinion in which he found that Land's dismissal was improper and contrary to employee manual procedures. Kimmerly ordered that Land be reinstated to her position with full back pay and benefits.

After receiving Kimmerly's decision, Land and Reese agreed to a specific date at which time Land would regain her position as executive administrator. Pursuant to that agreement, Land arrived at work on the agreed-to date only to learn that Reese, in the meantime, had decided that it was not going to comply with the Kimmerly decision. Land also discovered that another person had been hired to take her position in the department of surgery.

On May 15, 1984, Land filed this action in the circuit court of Cook County. The trial court subsequently dismissed Land's complaint, prompting her to bring this appeal.

OPINION

■ The recent supreme court case of *Duldulao v. Saint Mary of Nazareth Hospital Center* (1987), 115 Ill. 2d 482, is dispositive of this appeal. In *Duldulao*, the court addressed whether an employee enjoys any of the rights contained in an employee handbook where that handbook was adopted by the employer subsequent to the employee's initial hiring. The court noted that the overwhelming majority of courts have held that an employee handbook can be contractually binding on an employer. (115 Ill. 2d 482, 487.) In joining that majority, the court determined that where an employee is hired for an unspecified period of time, a presumption arises that the employee's status is that of an at-will employee. (115 Ill. 2d 482, 489.) That presumption, however, can be rebutted by a showing that the parties contracted otherwise. (115 Ill. 2d 482, 489.) An employee handbook is an example of such a contract.

■ The *Duldulao* court specifically held that for an employee handbook to create enforceable contractual rights, the traditional requirements for contract formation must be present. (115 Ill. 2d 482, 490.) The court determined that three elements are necessary: (1) the language of the manual must contain a promise clear enough that an employee would reasonably believe that an offer has been made; (2) the statement must be disseminated to the employee such that the employee is aware of its contents and reasonably believes it to be an offer; and (3) the employee must accept the offer by continuing to work after learning of the manual's statement. (115 Ill. 2d 482, 490.)

■ In the case at bar, count I of Land's complaint satisfies the requirements set forth by the supreme court in *Duldulao*.

First, the allegations of Land's complaint, combined with the Kimmerly letter, reveal that Reese's employment manual contained a promise amounting to an offer; specifically, that Land could utilize a grievance procedure should she have a dispute with her employer.

This is obvious from the fact that Reese and Land participated in the three-step grievance procedure ultimately resulting in a hearing before Kimmerly. Following the hearing, Reese and Land agreed to abide by Kimmerly's order that Land be reinstated. Thus, it is clear that Reese made an offer to Land by adopting its employee manual.

Second, Land's conduct indicates that she was aware of Reese's offer at the time it was made and that she reasonably believed that the employee manual's grievance procedure constituted an offer.

And, third, Land continued to work after the employee manual was adopted by Reese, thereby providing the requisite consideration.

Hence, count I of Land's amended complaint sufficiently alleges that she was entitled to the rights contained in the employment manual, thereby altering her status as an at-will employee. Accordingly, we reverse the trial court's decision on count I and remand this matter for further hearings consistent with this opinion.

In light of our ruling with regard to count I, it is unnecessary to address the legal sufficiency of count II of Land's complaint. Since Land is seeking the same remedy (reinstatement with full back pay and benefits) in both counts, and since the Kimmerly decision will undoubtedly be relevant to the resolution of count I upon remand, the status of count II is immaterial to the outcome of this dispute. We are confident that in light of the *Duldulao* decision, Land's rights under the employment manual will be protected by her pursuing the remedy she seeks under count I.

CONCLUSION

Accordingly, for the reasons set forth above, the decision of the circuit court of Cook County dismissing count I of Land's complaint is reversed and this matter is remanded to the trial court for further proceedings consistent with the views expressed herein.

Reversed and remanded.

McMORROW, P.J., and JOHNSON, J., concur.