MARIE TOLBERT, Plaintiff-Appellant, v. ST. FRANCIS EXTENDED CARE CENTER, f/n/a Three Oaks Nursing Home, *et al.*, Defendants-Appellees.

First District (4th Division) No. 1—88—1114

Opinion filed September 28, 1989.

Claudia Oney and Mark Rivera, both of Chicago, for appellant.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Gerald Maatman, Jr., and William M. Sneed, of counsel), for appellees.

JUSTICE McMORROW delivered the opinion of the court:

Plaintiff Marie Tolbert (Tolbert) appeals from the trial court's dismissal with prejudice of her complaint against St. Francis Extended Care Center (the Extended Care Center or the Center) alleging that the Center wrongfully terminated Tolbert's employment because of her age. The trial court dismissed the complaint with prejudice on the ground that (1) the pleading was preempted by the Illinois Human Rights Act (Ill. Rev. Stat. 1985, ch. 68, par. 1—101 et seq.) and (2) the pleading did not state a cause of action for breach of an employment contract between Tolbert and the Center. On appeal, Tolbert argues inter alia that the policy manual issued to her by the Extended Care Center constituted an employment contract. We conclude that the manual created no employment contract and affirm the trial court's ruling on that basis.

Tolbert's complaint alleged the following pertinent facts. Tolbert had been employed by the Extended Care Center since 1966. During this employment, the Center issued to Tolbert and other employees a Statement of Personnel Policies (the policy manual). Tolbert was requested to sign the last page of the manual, return the signature page to the Center, and keep the remaining pages. Tolbert did as requested. Tolbert's employment was terminated by the Extended Care Center in March 1986 on the ground that she had been sleeping on

one occasion during her shift. Tolbert alleged in her complaint that she had not been sleeping, and that the Center's actual reason for terminating her employment was to rid its workplace of older employees.

Tolbert alleged that the Extended Care Center's termination of her employment constituted a breach of contract and asserted that the policy manual set forth contractual promises on the part of the Center that it would discharge employees only for "just cause." The policy manual recited in pertinent part that the purpose of the manual was to tell employees "what the Extended Care Center offers you as an employee, and what the Extended Care Center will expect of you in return." With regard to termination of employment, the manual stated that "[t]he extended care center [sic] reserves the right to dismiss an employee for any violation of professional conduct. Violation of policies, rules and regulations may result in dismissal. If an employee's work is unsatisfactory, he will be informed of this by the department head or his delegate and encouraged to improve." The manual also set forth the Center's standards of professional conduct, as well as its policies, rules and regulations.

The trial court dismissed the complaint with prejudice following briefing and argument of the parties, concluding that the pleading was preempted by the Illinois Human Rights Act and that the facts alleged in the complaint were insufficient to establish that the parties had a contract for Tolbert's permanent employment terminable only upon "just cause." Tolbert appeals.

Although the parties' initial argument on appeal pertains to whether Tolbert's complaint is preempted by the Illinois Human Rights Act (see, *e.g.*, *Seehawer v. Magnecraft Electric Co.* (N.D. Ill. 1989), 714 F. Supp. 910), we need not and do not consider this question. Assuming *arguendo* that the complaint is not preempted by the Act, we hold that the pleading is nevertheless insufficient to show the existence of a contract for permanent employment between Tolbert and the Center whereby Tolbert's employment could be terminated by the Center only for "just cause."

■ The Illinois Supreme Court recently set forth the factors to be considered in determining whether a policy manual issued by an employer to its employees constitutes a contract of employment:

> "First, the language of the policy statement must contain a promise clear enough that an employee would reasonably believe that an offer has been made. Second, the statement must be disseminated to the employee in such a manner that the employee is aware of its contents and reasonably believes it to be an offer. Third, the employee must accept the offer by com-

mencing or continuing to work after learning of the policy statement. When these conditions are present, then the employee's continued work constitutes consideration for the promises contained in the [policy manual], and under traditional principles a valid contract is formed." *Duldulao v. Saint Mary of Nazareth Hospital Center* (1987), 115 Ill. 2d 482, 490, 505 N.E.2d 314.

The question in the instant cause centers on the first factor specified in *Duldulao*, *i.e.*, whether the language of the policy manual contains a promise clear enough that an employee would reasonably believe that an offer has been made. To support her argument that the language of the Center's policy manual satisfies this criteria, Tolbert emphasizes that the manual specifically states that it sets forth "what the Extended Care Center *offers* you as an employee, and what the Extended Care Center will expect of you in return." Tolbert also points out that the policy manual sets forth specific grounds for an employee's discipline or dismissal. Read together, Tolbert maintains, these provisions were such that an employee "would reasonably believe that he or she would not be terminated except for the reasons stated" in the policy manual, *i.e.*, for "just cause." We disagree.

A similar argument was recently made to and rejected by the court in *Doe v. First National Bank of Chicago* (7th Cir. 1989), 865 F.2d 864. In *Doe*, an employee memorandum setting forth the employer's standards for employees' work performance and personal conduct, in relevant part stated, "We think it is also important that you be aware of the standards of performance and personal conduct that are expected of all employees ***." (865 F.2d at 866.) The memorandum "listed two classifications of employee misconduct, 'major offenses' and 'minor offenses.' According to the memorandum, commission of a major offense 'is cause for immediate dismissal,' while commission of a minor offense provides cause for 'disciplinary action.' " (865 F.2d at 866.) In concluding that the employee memorandum did not create an express contract of employment, the court reasoned as follows:

> "A comparison of the employee handbook contents involved in *Duldulao* and the language in the *** employee memorandum demonstrates that the *** memorandum falls far short of creating a contract. In *Duldulao*, the employee handbook clearly stated that 'permanent employees *are never* dismissed without prior written admonitions and/or an investigation that has been properly documented" . . . and that "three warning notices within a twelve-month period *are required* before an

employee is dismissed." ' 115 Ill. 2d at 491 \*\*\* (emphasis in court's decision). Because the language was clearly mandatory, the Illinois Supreme Court found that the handbook created enforceable rights. 115 Ill. 2d at 491 \*\*\*. Other Illinois courts have also held that an employee handbook or similar document creates enforceable contractual rights only when specific procedures have been prescribed by positive and mandatory language. [Citations.]

The \*\*\* employee memorandum contains none of the clear, promissory language that the court relied upon when finding an enforceable contract in *Duldulao*. The letter is informational in tone, describing major and minor offenses, but contains no description of specific disciplinary procedures. The memorandum provides that employees may be disciplined or discharged for listed misconduct, but it does not purport to promise that specific disciplinary procedures will be used. The language of the \*\*\* employee memorandum thus falls short of the requirements of *Duldulao* [citation]." *Doe*, 856 F.2d at 872, citing *DeFosse v. Cherry Electrical Products Corp.* (1987), 156 Ill. App. 3d 1030, 510 N.E.2d 141; *Land v. Michael Reese Hospital & Medical Center* (1987), 153 Ill. App. 3d 465, 505 N.E.2d 1261; *Free v. Holy Cross Hospital* (1985), 153 Ill. App. 3d 45, 505 N.E.2d 1188.

■ We conclude that the Center's policy manual, similar to the employee memorandum in *Doe*, is insufficient to satisfy the requirements of *Duldulao*. As in *Doe*, the policy manual at issue here provides no specific procedures to be followed in the event that an employer chooses to discipline or dismiss an employee on the ground that the employee's conduct falls below the standards stated in the manual. Such procedures for discipline or dismissal are necessary to determine objectively whether the employer is correct in its conclusion that the employee's discipline or dismissal is supported by "just cause." Articulated procedures are, therefore, a fundamental and necessary part of an employment contract which provides for an employee's discipline or dismissal only upon "just cause." In the absence of such specific procedures in the Center's policy manual, the manual does not rise to the level of an enforceable employment contract. In addition, the prefatory language of the policy manual regarding "what the Center offers" its employees does not, in our view, rise to the level of an offer for permanent employment terminable only upon just cause. We therefore hold that the trial court properly dismissed Tolbert's breach of contract claim against the Center.

■ In her opening brief on appeal, Tolbert also contends that the trial court erred when it denied her motion to reconsider the dismissal of her complaint. In the motion to reconsider, Tolbert argued that she should be provided an opportunity to respond to the Center's claim, made for the first time in the Center's reply to Tolbert's response to the Center's dismissal motion, that the policy manual did not create an enforceable employment contract. In this appeal, however, Tolbert has been able to present those arguments she wished to address to the trial court, and she does not contend that she should be provided an opportunity to amend her complaint to allege additional facts supporting her claim that the policy manual constituted an employment contract. In her reply brief, Tolbert states that "[i]f the appellate court decides to rule on whether the plaintiff has stated a cause of action, she has no objection. The plaintiff has simply been seeking a forum in which she could thoroughly present this portion of her case." Under these circumstances, we find no abuse of discretion in the trial court's denial of Tolbert's motion for reconsideration.

For the reasons stated, the order of the circuit court is affirmed.

Affirmed.

JOHNSON and LINN, JJ., concur.