RAYMOND E. RUDD, Plaintiff-Appellant, v. DANVILLE METAL STAMP-ING COMPANY, INC., Defendant-Appellee.

Fourth District No. 4—89—0297

Opinion filed February 8, 1990.

Manion, Janov & Devens, Ltd., of Danville (Rick E. Janov, of counsel), for appellant.

Joan E. Gale and Kathleen M. Moran, both of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

Plaintiff, Raymond E. Rudd (Rudd), brought this action against defendant, Danville Metal Stamping Co., Inc. (DMS), claiming breach of an alleged employment contract between him and DMS. Rudd claims that language appearing in DMS's employee handbook created an enforceable contract binding DMS to certain procedures before it could terminate Rudd's employment. The trial court found that DMS's employee handbook did not create a contract and dismissed Rudd's complaint with prejudice under section 2—615 of the Illinois Code of

Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). Rudd appeals.

We affirm.

In January 1986, DMS hired Rudd and provided him with a copy of DMS's employee handbook. Rudd was required to read and acknowledge the receipt of the handbook by signing a verification form which states:

"I will read the foregoing Employee's Handbook of Plant Rules and Regulations, and I expect to be guided by them."

In October 1986, DMS terminated Rudd's employment. At the time of Rudd's termination, the employee handbook was in effect.

The language at issue is contained in a section of the employee handbook that provides, in pertinent part, that the purpose of the rules and regulations is to "govern our activities on a daily basis \*\*\* [and] to define and protect the rights of all and insure cooperation." The section further states:

"The following rules have been established for our mutual cooperation. In any organization, however, there may be a few individuals who do not wish to work within the framework of rules and regulations. It then becomes a matter of rules being established for the few rather than the majority. In any case, violation of the rules and regulations may result in disciplinary action for the offender. This disciplinary action will be taken up to and including discharge depending on the seriousness of the offense."

In this same section, 44 rules and regulations are listed. Immediately following the list is the following statement:

"Violations will be grounds for progressive disciplinary action, which *may* include a correction interview, written warning, probation, suspension without pay, *or* termination." (Emphasis added.)

The next paragraph states:

"Certain serious offenses *may* be considered grounds for immediate termination upon the first offense. Those offenses include, but are not necessarily limited to \*\*\*." (Emphasis added.)

In his complaint, Rudd alleges breach of contract based upon the following: (1) he was employed by DMS from January 1986 through October 1986; (2) upon and as a condition of being employed, he received an employee handbook; (3) he was required to sign and acknowledge receipt of the handbook as a condition of employment; (4) the handbook constituted a contract between plaintiff and defendant;

(5) the handbook provided for progressive disciplinary procedures; and (6) DMS breached the contract by the manner in which it terminated Rudd's employment. The pleadings are not clear as to which benefits of the progressive disciplinary scheme plaintiff claims to be entitled.

In November 1988, DMS filed a motion for involuntary dismissal pursuant to section 2—615 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—615) and asserted that, as a matter of law, the employee handbook did not create a contract. After a hearing on DMS's motion, the trial court entered an order dismissing Rudd's complaint and denying his motion to amend that complaint. The court found that the handbook did not contain sufficient language to bring it within the holding of *Duldulao v. Saint Mary of Nazareth Hospital Center* (1987), 115 Ill. 2d 482, 505 N.E.2d 314, and specifically held that a DMS employee could not reasonably believe that the language contained in the handbook created a contractual offer.

■ In *Duldulao*, the Illinois Supreme Court held that an employee handbook or other policy statement creates enforceable contractual rights if the traditional requirements for contractual formation are present:

> "First, the language of the policy statement must contain a promise clear enough that an employee would reasonably believe that an offer has been made. Second, the statement must be disseminated to the employee in such a manner that the employee is aware of its contents and reasonably believes it to be an offer. Third, the employee must accept the offer by commencing or continuing to work after learning of the policy statement. When cthese conditions are present, then the employee's continued work constitutes consideration for the promises contained in the statement, and under traditional principles a valid contract is formed." (*Duldulao*, 115 Ill. 2d at 490, 505 N.E.2d at 318.)

All three conditions must be met to create enforceable contract rights. *Koch v. Illinois Power Co.* (1988), 175 Ill. App. 3d 248, 529 N.E.2d 281.

The issue in this case concerns the first factor specified in *Duldulao*, *i.e.*, whether the language of the employee handbook contains a promise clear enough that an employee would reasonably believe that an offer has been made. Rudd argues that the language of the employee handbook led him to reasonably believe that he would not be terminated without the benefit of the progressive disciplinary provisions set forth in DMS's handbook. In his argument, Rudd emphasizes that according to the handbook, the rules and regulations govern and

define the rights of all and set forth specific grounds for an employee's discipline or dismissal. He further argues that under *Duldulao*, the language, "[v]iolations *will be* grounds for progressive disciplinary action" (emphasis added), is mandatory and thus created enforceable rights. We disagree.

■■ In *Duldulao*, the employee handbook contained specific disciplinary procedures, stating in part that "permanent employees '*are never* dismissed without prior written admonitions and/or an investigation that has been properly documented' (emphasis added)" and that " 'three warning notices within a twelve-month period are required before an employee is dismissed.' " (*Duldulao*, 115 Ill. 2d at 491, 505 N.E.2d at 318.) In the present case, DMS's handbook contains no description of specific disciplinary procedures and does not purport to promise that specific disciplinary procedures will even be used. Articulated procedures are a fundamental and necessary part of an employment contract. *Tolbert v. St. Francis Extended Care Center* (1989), 189 Ill. App. 3d 503, 507, 545 N.E.2d 384, 386.

For the reasons stated, the order of the circuit court is affirmed.

Affirmed.

McCULLOUGH and SPITZ, JJ., concur.