DEBORAH E. BJORN, Plaintiff-Appellant, v. ASSOCIATED REGIONAL AND UNIVERSITY PATHOLOGISTS, INC., Defendant-Appellee.

First District (6th Division)   No. 1—90—1247

Opinion filed December 28, 1990.

Goldman & Marcus, of Chicago (Arthur R. Ehrlich and Gerald A. Goldman, of counsel), for appellant.

Peterson, Ross, Schloerb & Seidel, of Chicago (M. Patricia Chapin, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Deborah E. Bjorn, filed an action for breach of an employment contract against defendant, Associated Regional and University Pathologists, Inc. (ARUP). On March 29, 1990, the trial court granted defendant's motion to dismiss the complaint pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). On appeal, plaintiff contends that defendant violated her employment contractual rights by discharging her without just cause and not allowing her to contest the discharge through defendant's grievance procedure.

In March 1988, plaintiff began full-time employment for defendant as an account representative. After commencing employment, defendant provided plaintiff with a document entitled "Policies and Benefits Summary" (Summary), which set forth defendant's employment practices pertaining to matters such as vacation time, holidays, and leave of absence. In addition, the Summary explained defendant's employee policies, including a probationary status for new employees, grievance policy for the resolution of work-related problems, and disciplinary sanctions.

In April 1989, defendant notified plaintiff that her work performance was not satisfactory and sought her resignation. After plaintiff refused to resign, defendant discharged her on May 15, 1989.

The trial court found that under the sanctions provision of the Summary, "ARUP reserves the right to discipline and/or dismiss an employee for any, but not limited to, the following job-related reasons: Negligence, incompetence, *** [and] unsuitability to job requirements," and granted defendant's motion to dismiss.

Plaintiff relies on *Duldulao v. St. Mary of Nazareth Hospital*

*Center* (1987), 115 Ill. 2d 482, 505 N.E.2d 314, to support her contention that an employment contract existed. In that case, the court held that an employee handbook or policy statement creates enforceable contractual rights provided that the following requirements are met: (1) the language of the policy statement must contain a promise clear enough that an employee would reasonably believe an offer had been made; (2) the statement must be disseminated to the employee in such a manner that the employee is aware of its contents and reasonably believes it to be an offer; and (3) the employee must accept the offer by continuing to work after learning of the policy statement. When these factors are present, the employee's continued work constitutes consideration for the promises contained in the policy manual, and under traditional principles a valid contract is formed. *Duldulao*, 115 Ill. 2d at 490.

Plaintiff contends that the language in defendant's Summary was sufficiently clear for her to reasonably believe that defendant had made an offer for employment. The Summary provides, in relevant part:

"Probation Status: Employees are evaluated for satisfactory performance and behavior during the first 6 months of employment and are considered to be on a probationary status for this period of time. An employee may be terminated during this period with or without cause, and without prior notice. Any decisions to terminate an employee should first be cleared with Personnel.

. Employee Relations: Employees are encouraged to discuss work-related problems with their supervisors. \*\*\* ARUP also provides a grievance policy for the orderly resolution of work-related problems."

Plaintiff asserts that these two provisions, read together, coupled with the absence of any disclaimer on the part of defendant, constitute an offer for employment as required by the first element of *Duldulao*. Plaintiff further contends that the other elements of *Duldulao* were met when defendant provided plaintiff with the Summary that she reasonably believed to be an offer for employment, and that her continued employment after receipt of the Summary constituted consideration for the employment contract. After completing six months of employment, plaintiff argues that she was no longer a probationary employee that defendant could discharge with or without "cause."

We find, however, that the facts in this case do not resemble those in *Duldulao*. In that case, the introduction to the handbook set forth that the policies in the handbook "are designed to clarify your rights and duties as employees." Also, permanent employees could only be terminated with proper notice and investigation; specifically, three warning notices were required before an employee could be dismissed, except in

the case of extremely serious offenses. In addition, the amendments to the handbook in *Duldulao* stated that permanent employees are never dismissed without prior written admonitions and/or a properly documented investigation.

■ Under the circumstances here we find that the rationale of *Tolbert v. St. Francis Extended Care Center* (1989), 189 Ill. App. 3d 503, 545 N.E.2d 384, is compelling. In *Tolbert*, this court found that the defendant's policy manual did not constitute a contract of employment, as the prefatory language did not rise to the level of an offer for permanent employment terminable upon just cause, and the lack of any specific procedures for dismissal or discipline. The court found that "[a]rticulated procedures are * * * a fundamental and necessary part of an employment contract which provides for an employee's discipline or dismissal only upon 'just cause.' " (*Tolbert*, 189 Ill. App. 3d at 507.) In the absence of such specific procedures, the manual did not rise to the level of an enforceable employment contract.

■ In this case, plaintiff infers that because she was no longer a probationary employee, she could only be discharged for just "cause," and that she could utilize the grievance procedure if she was going to be discharged for a work-related problem. However, plaintiff's reliance upon such an inference is misplaced. Unlike the employee handbook involved in *Duldulao*, the Summary here did not contain a detailed procedure requiring formal notice, written admonitions or an investigation before an employee could be discharged. Therefore, we find that in the absence of clear, promissory language, and no description of specific disciplinary procedures (*Tolbert*, 189 Ill. App. 3d 503, 545 N.E.2d 384; *Doe v. First National Bank* (7th Cir. 1989), 865 F.2d 864), the language of the Summary does not create enforceable employment contract rights sufficient to overcome the presumption of an employment relationship terminable at will.

In addition, as relied upon by the trial court, defendant expressly reserved the sanctions set forth above to discipline and/or dismiss employees for job-related reasons. Plaintiff here was dismissed for her unsatisfactory performance; therefore, defendant acted within its rights in discharging plaintiff for a job-related reason.

For the foregoing reasons, the judgment of the circuit court of Cook County granting defendant's motion to dismiss is affirmed.

Judgment affirmed.

LaPORTA, P.J., and EGAN, J., concur.