SHERI SEMERAU, Plaintiff-Appellant, v. THE VILLAGE OF SCHILLER PARK *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—90—0430

Opinion filed March 7, 1991.

John M. Bowlus, of Chicago, for appellant.

Stuart Jay Mann, of Franklin Park, and David A. Epstein, of Much, Shelist, Freed, Danenberg, Ament & Eiger, P.C., of Chicago, for appellees.

JUSTICE McMORROW delivered the opinion of the court:

Plaintiff Sheri Semerau appeals from the trial court's affirmance of the decision of Village of Schiller Park (the Village) and the Village's director of emergency medical services, Daniel R. Sliwicki (hereinafter collectively referred to as defendants), to terminate plaintiff's employment as an emergency medical technician for the Village. On appeal, we conclude that the Village's personnel policy manual did not constitute a contract of employment. As a result, we determine that the defendants' discharge of plaintiff was lawful, without regard to whether the defendants' perceived basis for said discharge was supported by the weight of the evidence. Based upon these considerations, we affirm the trial court's judgment.

The defendants terminated plaintiff's employment on September 14, 1988, because of certain improper actions allegedly undertaken by plaintiff during an emergency medical ambulance call in which plaintiff participated on July 28, 1988. Plaintiff demanded a hearing before the Village board of trustees regarding her discharge, which was held in December 1988 and January 1989. Following this evidentiary hearing, the board determined that plaintiff's employment was properly terminated because of her alleged failure to administer the proper dosage of a drug to the patient for whom the ambulance service had been provided.

Plaintiff filed an action for administrative review and requested a declaratory judgment that her employment had been terminated in violation of a contract of employment allegedly contained in the Village's personnel policy manual. The trial court entered summary judgment in defendants' favor with respect to plaintiff's claims. The court determined that the decision to terminate plaintiff's employment was supported by the manifest weight of the evidence presented at the evidentiary hearing. The court also concluded that the Village's person-

nel policy manual did not amount to a binding contract of employment. Plaintiff appeals.

The personnel policy manual in effect since May 1988, which plaintiff had received, read, and acknowledged, provided in pertinent part as follows. On the first page of the document, under a heading titled "Introduction," the manual stated that it had three purposes: (1) to establish uniform personnel procedures; (2) to provide a clear outline of the responsibilities of those administering personnel policies; and (3) to provide employees with a complete version of personnel policies and their "rights and responsibilities" as Village employees. The manual then stated, "This is an information book, it is not intended to be a contract between employees and the Village. The Village policies can be changed by the President and Board, from time to time as is necessary and required by changes in Village Rules, Regulations and Laws."

Following these introductory statements, the manual set forth the organization of the village government, requirements for employment, conditions of probation and promotions, and employee benefits such as salary, paid holiday and vacation time, and medical/life insurance. With respect to standards of conduct for employees, the manual stated that the "tenure of every employee shall be contingent upon acceptable conduct and satisfactory performance of duties." The manual provided that "[f]ailure to meet minimum standards of conduct and work performance for any of the following listed reasons, such list is not to be considered all inclusive, shall be sufficient to dismiss an employee." After specifying reasons for dismissal, the manual then stated, with respect to "General Types of Disciplinary Action for Cause," that disciplinary action "may include" suspension without pay, dismissal, demotion, oral or written reprimand, involuntary transfer, or reduction in compensation. The manual further provided that "[d]isciplinary action should generally be progressive in severity and in relation to the behavior itself, the length of the employee's tenure and his work history."

Plaintiff contends that the terms of the personnel policy manual created a contract of employment whereby she could only be discharged "for cause." We disagree.

■ The presumption that an employment relationship is at will, and may therefore be terminated at any time without cause, may be overcome where the parties have entered into a contract setting forth the conditions that limit the circumstances under which an employee may be discharged. (*Dulduao v. Saint Mary of Nazareth Hospital Center* (1987), 115 Ill. 2d 482, 505 N.E.2d 314.) Whether an employee

personnel manual amounts to a contract of employment is determined according to the traditional requirements for contract formation, with particular attention to three factors: (1) whether the language of the manual contains " 'a promise clear enough that an employee would reasonably believe that an offer has been made' "; (2) whether the manual was " 'disseminated to the employee in such a manner that the employee is aware of its contents and reasonably believes it to be an offer' "; and (3) whether the employee has accepted the offer " 'by commencing or continuing to work after learning of the' " manual. *Mitchell v. Jewel Food Stores* (1990), 142 Ill. 2d 152, 161, quoting *Duldulao*, 115 Ill. 2d at 490.

We conclude that the personnel policy manual in the instant cause did not contain language that could be reasonably construed as an offer of employment terminable only "for cause." Illinois courts have repeatedly recognized that a personnel manual is not reasonably interpreted as an offer of employment when the manual contains language that disclaims the creation of a contract of employment. See *Robinson v. Christopher Greater Area Rural Health Planning Corp.* (1991), 207 Ill. App. 3d 1030; *Habighurst v. Edlong Corp.* (1991), 209 Ill. App. 3d 426; *Anders v. Mobil Chemical Co.* (1990), 201 Ill. App. 3d 1088, 559 N.E.2d 1119; *Rudd v. Danville Metal Stamping Co.* (1990), 193 Ill. App. 3d 1009, 550 N.E.2d 674; *Hogge v. Champion Laboratories, Inc.* (1989), 190 Ill. App. 3d 620, 546 N.E.2d 1025; *Bennett v. Evanston Hospital* (1989), 184 Ill. App. 3d 1030, 540 N.E.2d 979; *Moore v. Illinois Bell Telephone Co.* (1987), 155 Ill. App. 3d 781, 508 N.E.2d 519; see also *Fumarolo v. Chicago Board of Education* (1990), 142 Ill. 2d 54, 102-03.

In the case at bar, the personnel policy manual specifically stated, "This is an information book, it is not intended to be a contract between employees and the Village." This sentence plainly appeared in the first section of the manual. By its explicit terms, the sentence amounted to a clear and unambiguous statement by the Village that the manual did not create an employment contract between the Village and its employees, and that the Village did not intend to be bound by the policies and procedures contained in the manual. Consequently, the personnel policy manual disclaimed the creation of an employment contract between the Village and its employees.

Plaintiff notes that the manual also provided that its terms could be changed "by the President and Board, from time to time as is necessary and required by changes in Village Rules, Regulations and Laws." Plaintiff argues that because of this additional sentence, the Village intended the manual to serve as an employment contract

whose terms could be modified by the Village only if there were a change in Village rules, regulations or laws. We are unable to accept this argument. The personnel policy manual explicitly provided that it was not intended to be a contract between employees and the Village. The subsequent sentence, upon which plaintiff relies, merely reflected that the manual might be changed by the Village in the future. Under a reasonable construction of its explicit and unambiguous terms, the manual's recognition of possible future amendment did not affect, limit, or modify the specific language of disclaimer plainly stated in the manual.

We also find no inconsistency in the personnel policy manual because the manual utilized the term "tenure" with respect to the period of time for which a person was employed by the Village, or because the manual stated that its purpose was to set forth an employee's "rights and responsibilities." This language does not raise an issue regarding whether the personnel policy manual amounted to a contract of employment. Rather, "[t]aken as a whole, the [manual] spells out policies and procedures which are generally followed ***, but states clearly at the outset that the defendant is in no way legally bound to follow them simply because it put them in writing." *Anders*, 201 Ill. App. 3d at 1096.

In light of these considerations, we determine that the Village's personnel policy manual did not confer upon plaintiff a contractual right to termination of her employment only "for cause."

■ Our conclusion does not conflict with reported Illinois decisions that have found the existence of an employment contract despite language of disclaimer in a personnel manual. (See *Perman v. ArcVentures, Inc.* (1990), 196 Ill. App. 3d 758, 554 N.E.2d 982; *Seehawer v. Magnecraft Electric Co.* (N.D. Ill. 1989), 714 F. Supp. 910 (applying Illinois law).) In these cases, the personnel manuals set forth grievance procedures to be followed in the event that discharge of an employee was contemplated. (See also *Land v. Michael Reese Hospital & Medical Center* (1987), 153 Ill. App. 3d 465, 505 N.E.2d 1261.) In the case at bar, the personnel policy manual contained no mandatory procedure for grievance of an adverse employment decision such as termination of employment. Rather, the manual stated that certain specified grounds would be sufficient to dismiss an employee, but added that these grounds were not "all inclusive." In addition, the manual stated that disciplinary action "may include" suspension, dismissal, demotion, or other actions, and that disciplinary action "should generally be progressive in severity." Thus, the personnel policy manual suggested, but did not mandate, certain specified grounds

and procedures with respect to disciplinary actions against an employee. As a result, the disclaimer language of the manual stands as a bar to plaintiff's claim. See *Habighurst*, 209 Ill. App. 3d at 429-31; see also *Bjorn v. Associated Regional and University Pathologists, Inc.* (1990), 208 Ill. App. 3d 505; *Rudd*, 193 Ill. App. 3d 1009, 550 N.E.2d 674; *Tolbert v. St. Francis Extended Care Center* (1989), 189 Ill. App. 3d 503, 545 N.E.2d 384; *De Fosse v. Cherry Electrical Products Corp.* (1987), 156 Ill. App. 3d 1030, 510 N.E.2d 141.

■ Plaintiff argues that the personnel policy manual must have amounted to an employment contract, on the premise that "[t]here must be some purpose in providing a handbook other than simply the expense of preparing the same." (*Pundt v. Millikin University* (1986), 145 Ill. App. 3d 990, 993-94, 496 N.E.2d 291.) We cannot conclude that the personnel policy manual rendered no benefit to employees, notwithstanding its failure to provide an employment contract. "Published policies, as opposed to spoken policies or no articulation of policy at all, provide a greater degree of clarity and certainty to at-will employment relationships and foster a better working environment." (*Anders*, 201 Ill. App. 3d at 1098.) The personnel policy manual was not, as plaintiff argues, a "nullity" for its failure to create a contract of employment.

In light of these considerations, we conclude that plaintiff's employment was terminable at will by defendants. As a result, we need not consider the parties' remaining arguments regarding the personnel policy manual, nor do we address whether defendants' perceived ground to discharge plaintiff was supported by the weight of the evidence.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON and LINN, JJ., concur.