SHOSHANA CHADY, Plaintiff-Appellant, v. SOLOMON SCHECHTER DAY SCHOOLS, Defendant-Appellee.

First District (1st Division)    No. 1—93—0862

Opinion filed January 9, 1995.

---

[1]Justice O'Connor concurred in the disposition of this appeal before his retirement.

Arnold & Kadjan, of Chicago (L. Steven Platt and Steven F. McDowell, of counsel), for appellant.

Siegel, Lynn & Capitel, Ltd., of Northbrook (Howard L. Mocerf, of counsel), for appellee.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Shoshana Chady, appeals from an order of the circuit court of Cook County dismissing, with prejudice, count II of her wrongful termination lawsuit filed against Solomon Schechter Day Schools, Inc. (Schechter), pursuant to section 2—615 of the Code of Civil Procedure. (735 ILCS 5/2—615 (West 1992).) On appeal, plaintiff contends that the trial court erred in failing to order her reinstatement to the school. For the following reasons, we affirm the judgment of the trial court.

The following facts are relevant to this appeal. Schechter is a not-for-profit Illinois corporation which operates private, secular, elementary schools in Skokie and Northbrook, Illinois. In September 1969, plaintiff began continuous employment as an elementary school teacher of third-grade Hebrew studies at Schechter pursuant to an oral agreement. On or about April 19, 1976, plaintiff became a tenured teacher, and she continued as a tenured teacher until the date of her discharge.

Schechter's "Code of Practice" (Code of Practice), effective June 30, 1980, provides as follows:

"Even after tenure is acquired, any teacher may be discharged for inefficiency, incompetency, physical or mental disability, neglect of duty, disloyalty, insubordination, unauthorized absences, loss of certification, intentional failure to comply with the terms of this Code or conduct detrimental to the School."

The Code of Practice further provides that a discharged tenured teacher is entitled to a hearing before the personnel committee of the board of directors (Committee), at which time the teacher may reply to such charges. The Committee then renders a written decision. If the teacher is dissatisfied with the decision of the Committee, he or she may request a hearing before the board of directors (Directors). The Code of Practice provides that the decision of the Directors is final.

Schechter discharged plaintiff on April 19, 1991, for allegedly misrepresenting the reasons she returned late from a trip to Israel at the beginning of the 1990-1991 school year, citing a violation of the "cause" provisions enumerated in the Code of Practice. The record

reveals that the Committee conducted a hearing as required by the Code of Practice. At the conclusion of the hearing, the Committee upheld plaintiff's discharge. Plaintiff appealed the Committee's decision to the Directors pursuant to the Code of Practice, and following a hearing, the Directors affirmed the decision of the Committee.

Plaintiff filed her original complaint for wrongful termination on January 9, 1992, and her first amended complaint on October 5, 1992. In count I of her amended complaint, plaintiff charged Schechter with breach of contract for terminating her contrary to the provisions of the Code of Practice. In count II, plaintiff demanded specific performance in the form of reinstatement of her teaching position as a remedy for the alleged wrongful termination. Count III, which is not at issue before this court, contains allegations of defamation.

Schechter filed a motion to dismiss counts I and II of plaintiff's complaint. A hearing on Schechter's motion commenced on February 3, 1993, at which time Schechter argued that public policy prohibited the court from ordering Schechter, a private school, to reinstate plaintiff as a remedy for alleged breach of employment contract. The trial court ruled that plaintiff had no statutory entitlement to reinstatement of her position where no statute regulates private schools. At the conclusion of the hearing, the trial court entered an order dismissing count II of plaintiff's amended complaint with prejudice.

On February 16, 1993, the trial court entered an order finding no just reason to delay enforcement or appeal of the judgment of the February 3, 1993, order pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)). Plaintiff's timely appeal followed.[1]

The issue before this court is whether the trial court has the authority to order reinstatement of an employee in a private school as a remedy for alleged breach of contract.

Relying on *Duldulao v. St. Mary of Nazareth Hospital Center* (1987), 115 Ill. 2d 482, 505 N.E.2d 314, and *Land v. Michael Reese Hospital & Medical Center* (1987), 153 Ill. App. 3d 465, 505 N.E.2d 1261, plaintiff initially argues that reinstatement is an appropriate

---

[1]On January 13, 1993, the trial court denied Schechter's motion to dismiss counts I and II of plaintiff's amended complaint pursuant to section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1992)) on the ground that an issue of fact remained as to whether Schechter's internal procedures for resolving the dispute were final and binding. On February 3, the trial court allowed Schechter to appeal its January 13, 1993, ruling to this court pursuant to Supreme Court Rule 308(a) (134 Ill. 2d R. 308(a)), which permits interlocutory appeals. On April 22, 1993, this court dismissed Schechter's appeal (No. 1—93—0602).

remedy where an employee manual creates a binding contract. Plaintiff further argues that her reinstatement is consistent with public policy, which favors the reinstatement of tenured teachers in a public school system who are improperly discharged from employment.

In *Duldulao*, an employee was discharged without being afforded certain procedural progressive discipline contained in an employee manual. Our supreme court held that an employee manual can be used to rebut the presumption that the status of an employee hired for an unspecified period of time is that of an at-will employee where the manual shows that the parties contracted otherwise. (*Duldulao*, 115 Ill. 2d at 489.) The court held that for an employee manual to create enforceable contract rights, the three traditional elements of a contract must be present as follows: (1) a clear promise of an offer of employment; (2) disseminated to the employee such that the employee is aware of its contents and reasonably believes it to be an offer; and (3) the employee must accept the offer by continuing to work after learning of the manual's statement. (*Duldulao*, 115 Ill. 2d at 490.) The court found that the manual at issue created a contract and that the employer breached the contract by failing to follow the procedural disciplinary requirements contained therein. *Duldulao*, 115 Ill. 2d at 490-91.

In *Land*, the plaintiff was employed at Michael Reese Hospital (Hospital) pursuant to an employee manual containing a three-step grievance procedure which was instituted subsequent to her employment. The plaintiff was dismissed and immediately filed a complaint pursuant to the grievance procedure, alleging that she was discharged in violation of the manual and for discriminatory purposes. Pursuant to the manual, a hearing commenced before the vice-president of human resources because the parties were unable to resolve the grievance. After the hearing, the vice-president issued a written opinion finding the plaintiff's dismissal improper and ordered that she be reinstated with full back pay and benefits. Subsequently, the Hospital refused to comply with the decision of the vice-president. The plaintiff filed a two-count complaint, which the trial court dismissed.

On appeal, the *Land* court found *Duldulao* controlling. This court found that the Hospital's employment manual created enforceable contract rights. (*Land*, 153 Ill. App. 3d at 468.) This court held that Land sufficiently alleged facts in her complaint refuting her status as an at-will employee, and reversed and remanded the case for further proceedings consistent with her rights under the employment manual. *Land*, 153 Ill. App. 3d at 468.

The record in the present case reveals that in rendering its deci-

sion, the trial court relied not on *Duldulao* and its progeny, but rather on *Zannis v. Lake Shore Radiologists, Ltd.* (1979), 73 Ill. App. 3d 901, 392 N.E.2d 126, and *Kurle v. Evangelical Hospital Association* (1980), 89 Ill. App. 3d 45, 411 N.E.2d 326. Both cases hold that a trial court cannot award reinstatement as a remedy for breach of a private employment contract in the absence of a statute.

In *Zannis*, the plaintiff was terminated from his position as a radiologist in a professional medical corporation and sought reinstatement as an equitable remedy. This court held that plaintiff worked pursuant to a personal services contract and, as such, specific performance was an inappropriate remedy. The court stated: "It is well settled that, with reference to such contracts, when specific performance is sought, a court should not compel an employee to work for his employer, nor compel an employer to retain an employee in his service." (*Zannis*, 73 Ill. App. 3d at 904.) The court continued that "it would be impractical, if not impossible, for a court to provide the continuous supervision necessary to enforce [an] order for specific performance." (*Zannis*, 73 Ill. App. 3d at 904.) The court further reasoned that as personal service contracts require a relationship of cooperation and trust between the parties to the contract, as a matter of public policy, courts will avoid the friction that would be caused by compelling an employee to work or an employer to retain someone against its wishes. *Zannis*, 73 Ill. App. 3d at 905.

In *Kurle*, this court followed the holding in *Zannis*, finding that the trial court improperly ordered a hospital to reinstate a nurse who had been discharged consistent with internal hospital disciplinary procedures. The court determined that: the Illinois Nursing Act (Ill. Rev. Stat. 1979, ch. 111, par. 3401 *et seq.*) was inapplicable to the plaintiff's action, and absent a statutory duty, it was against public policy to order her reinstatement; the plaintiff failed to allege that she was discharged in violation of any contractual provisions of an employee handbook; and an employer cannot be compelled to retain an employee in his personal service. *Kurle*, 89 Ill. App. 3d at 54-55.

In the present case, plaintiff did not allege that Schechter is a public body nor that she was employed pursuant to any State statute. The record shows that Schechter is a private school, and, therefore, the School Code (105 ILCS 5/1—1 *et seq.* (West 1992)) does not apply to give plaintiff statutory rights to employment. The record indicates that plaintiff was employed by Schechter pursuant to a personal services contract. The contract provided that plaintiff could be terminated for cause following a hearing and that after appeal the decision of the Directors is final.

The record shows that plaintiff has failed to rebut the common

law prohibition against specific performance as a remedy for alleged breach of employment contract. Under the circumstances, we find that *Duldulao* and *Land* are inapplicable and that the trial court properly relied on *Zannis* and *Kurle* in dismissing count II of plaintiff's amended complaint. (See also *Gabriel v. Immanuel Evangelical Lutheran Church, Inc.* (1994), 266 Ill. App. 3d 456, 640 N.E.2d 681 (dismissing breach of contract complaint by parochial school teacher for withdrawal of offer to hire).) Plaintiff's further contention that her case is similar to cases involving antidiscrimination laws, labor laws and collective bargaining laws is unsupported by any citation to authority and is therefore unavailing.

In the alternative, plaintiff suggests that the common law rule against reinstatement in employment be relaxed here, because contravailing public policy calls for the specific performance of her employment contract. In support, plaintiff cites *Hartlein v. Illinois Power Co.* (1991), 209 Ill. App. 3d 948, 568 N.E.2d 520.

*Hartlein* is distinguishable from the present case and, therefore, does not support plaintiff's position. There, this court found that where an employer discharges an employee because of the employee's exercise of his rights under the Worker's Compensation Act (Ill. Rev. Stat. 1991, ch. 48, par. 138.1 *et seq.*), the employee also has a cause of action against the employer in tort for retaliatory discharge. (*Hartlein*, 209 Ill. App. 3d at 953; *rev'd* (1992), 151 Ill. 2d 142, 601 N.E.2d 720.) The facts in the present case do not present a similar factual situation.

Finally, in reliance on *Gleicher, Friberg & Associates, M.D., S.C. v. University Health Sciences, the Chicago Medical School* (1991), 224 Ill. App. 3d 77, 586 N.E.2d 418, plaintiff contends that she will be irreparably harmed unless she is entitled to pursue her remedy of reinstatement. There, this court found that under the special circumstances of that case, the trial court properly entered an injunction ordering the appointment of Gleicher, a doctor, to the faculty of defendant's university, despite established authority prohibiting the imposition of personal service contracts. The court found that the school had broken its contractual agreement with Gleicher to retain him and his medical group on the staff of the university for three years, and that the imminent publication of Gleicher's medical textbook would be adversely affected if he were unable to show that he was currently on staff at an academic institution. In addition, the court found that a break in Gleicher's curriculum *vitae* threatened his academic career such that he could not be rectified by an award of monetary damages. (*Gleicher*, 224 Ill. App. 3d at 88.) The court further found that the faculty appointment was not unduly burdensome to the university because it did not require the university to utilize

plaintiff in a teaching position or to pay him a salary, and because Gleicher had sworn by affidavit that he would resign in six months to take another appointment. *Gleicher*, 224 Ill. App. 3d at 88.

*Gleicher* is factually distinguishable from the present case. Here, plaintiff has requested that she be reinstated in her former position as a salaried teacher for an indeterminate period of time. This is quite different from the situation in *Gleicher*, where the doctor was permitted to remain on the faculty of a university for six months, in an unpaid, nonteaching position, for the sole purpose of avoiding adverse effects on his research and future career. The facts here do not present a similar exception to the prohibition against the imposition of personal service contracts.

For the reasons stated above, we therefore affirm the judgment of the trial court.

Affirmed.

BUCKLEY and McCORMICK, JJ., concur.